# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Richard Walker, Jr., | Civil Action No. 8:19-cv-00646-JMC |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Lawyer, Felisha Ogunsile, Susan Duffy, Jeanette Glenn, | |
| Defendants. | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 22, 2019. (ECF No. 60.) The Report addresses Plaintiff David Richard Walker's suit under 42 U.S.C. § 1983 and recommends that the court dismiss the case because of Plaintiff's failure to prosecute. For the reasons stated herein, the court **ACCEPTS** the Report, and **DISMISSES** the case pursuant to Fed. R. Civ. P. 41(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 60.) As brief background, on March 5, 2019, Plaintiff, proceeding *pro se*, filed his 19-page Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Specifically, in his Complaint, Plaintiff alleges that he was denied appropriate care while in the custody of Defendants. (ECF No. 1 at 6.)

On August 14, 2019, Defendants filed their Motion for Summary Judgment. (ECF No. 45.) On August 15, 2019, the Magistrate Judge issued a *Roseboro* Order (ECF No. 46), which apprised Plaintiff of the procedures surrounding summary judgment. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (requiring the court to provide an explanation of the dismissal and summary judgment procedures to *pro se* litigants). Plaintiff was also informed of the

possible consequences if he failed to respond adequately to the motion. (ECF No. 46.) On September 13, 2019, the court granted Plaintiff an extension until October 18, 2019, to respond to the summary judgment motion. (ECF No. 51.) Despite the explanation regarding the consequences for failing to respond, Plaintiff failed to respond to the motion for summary judgment.

Because Plaintiff is proceeding pro se and had filed a motion for "[l]egal accommodations and legal items," the court filed an order on October 24, 2019, denying Plaintiff's motion and giving him additional time –through November 13, 2019—to respond to the motion for summary judgment (ECF No. 57). Despite the extension, Plaintiff still failed to file a response to the Motion for Summary Judgment.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on November 22, 2019. (ECF No. 60.) Objections to the Report were due by December 6, 2019.

(ECF No. 60.) However, objections were due by December 9, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Neither party filed objections to the report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 60.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 60). Therefore, the court **DISMISSES** the case pursuant to Fed. R. Civ. P. 41(b). Accordingly, the court **FINDS** that the other pending motions (ECF Nos. 36, 45, 48, 62, and 63) are **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs* (signature)
United States District Judge

January 3, 2020
Columbia, South Carolina